IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 7:08-550 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ADRIAN JAMAR HALL. | ) | |

The defendant brings this motion to suppress evidence seized during his arrest, and statements he made as in violation of the United States Constitution.  However, these motions are denied.

## **Fact Summary**

The defendant, Adrian Jamar Hall was arrested by the Union Police Department (UPD) on January 18, 2008, for driving under suspension, failure to stop for a blue light, possession of cocaine with intent to distribute, possession of marijuana with intent to distribute, and unlawful possession of a firearm.  The arrest resulted from a traffic stop initiated when a member of the UPD recognized the defendant driving an automobile with three passengers despite knowing him to have a suspended license.  Once the driver was identified UPD turned on the flashers and sirens of their unmarked police car, and attempted to pull the

defendant over. Hall fled from UPD, ultimately pulling the yard of Carolyn Dudley. After pulling into Carolyn Dudley's yard, Mr. Hall exited the vehicle. UPD officers detained Mr. Hall, and searched his vehicle finding marijuana, and a pistol. Mr. Hall admits that everything found in the vehicle was his.

I.

Both the stop and search of the vehicle driven by Mr. Hall was proper. A vehicle stop is permitted upon a reasonable articulable suspicion of unlawful conduct. *United States v. Arvizu*, 534 U.S. 266, 273-75 (2002). As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred. *Whren v. United States,* 517 U.S. 806, 810, 116 S.Ct. 1769, 1772 (1996).

In this instance, UPD had probable cause to believe that a traffic violation had occurred. First, UPD officers recognized the defendant as an individual who was driving on a suspended license. Such a position was made even more reasonable after UPD confirmed the suspended nature of the defendant's license. Second, the evidence demonstrates that the defendant failed to stop for a police after they initiated sirens

and lights, and the defendant's failure to stop clearly establishes that the stop of Mr. Hall was proper.

## II.

In addition, the search of the defendant's vehicle subject to his arrest was proper.  Under *Thornton v. United States*, 541 U.S. 615, 621-24 (2004), an officer may effect a search incident to a valid arrest of a recent occupant of a vehicle.  Evidence at the trial hearing established that at the time of the search of the vehicle, Mr. Hall had recently been both placed under arrest, and recently occupied the searched vehicle.  Accordingly, the search of this vehicle was proper.

## III.

Finally, the defendant argues that the defendant's statement that everything in the car is inadmissable because the defendant had not been read his *Miranda* rights. Statements that result from an interrogation by officers are subject to suppression when the defendant has not been read his *Miranda* rights.  However, "Interrogation," as conceptualized in the *Miranda* opinion, must reflect a measure of compulsion above and beyond that inherent in custody itself."  *Rhode Island v. Innis,* 446 U.S. 291, 300, 100 S.Ct. 1682, 1689 (1980).

Moreover, "since the police surely cannot be held accountable for the unforeseeable results of their words or actions, the definition of interrogation can extend only to words or actions on the part of police officers that they *should have known* were reasonably likely to elicit an incriminating response." *Id.* at 301-302, 100 S.Ct. at 1690. In this instance, the Government has presented sufficient evidence to demonstrate that the contested statements were unprovoked by UPD. Furthermore, the defendant has offered no evidence to refute this fact. Accordingly, because an unprovoked voluntarily asserted fact does not constitute interrogation it is admissible. Thus this motion must be denied.

## **Conclusion**

For the foregoing reasons, the defendant's motions to suppress are denied.

IT IS SO ORDERED

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

December  9  , 2008